NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-668

KAREN LEE GORDON

vs.

ROBERT GEORGE GORDON, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Robert Gordon (husband) appeals from an April 22, 2024, order, postjudgment, which order denied his pleading designated "Motion for Leave to File Re-opening of Judgment Dated January 6, 2023 Due to Fraud and Hiding of Assets." The order denying leave to file was based upon a prior order of the Probate and Family Court judge, dated March 20, 2024, and entitled "Order Limiting Filing," which required the husband to obtain leave to file any further postjudgment motions. The March 20, 2024, order limiting filing identified fourteen separate postjudgment motions that the husband had previously filed, and stated that leave to file further motions would be "decided administratively by a judge of this Court based upon [husband's] compliance with

the Rules of Court, and whether the requested submission raises new issues or legal arguments that have not been previously determined by this Court."

Having reviewed the parties' briefs and the relevant record, including the order limiting filing, we perceive no error in the April 22, 2024, order denying the husband leave to file. The order limiting filing was certainly justified in light of the record of successive motions filed by the husband, which, to the extent they could be understood, repeatedly attempted to reopen a 2023 judgment of divorce, and raised and re-raised issues that the judge had determined were without merit. We note as well that the husband filed a timely notice of appeal from the judgment, but then chose not to prosecute that appeal.

As there was no error in limiting the husband's further

postjudgment filings, and as we perceive no error in the denial of leave to file the motion at issue, the order is affirmed.[1]

Order dated April 22, 2024, affirmed.

By the Court (Desmond, Ditkoff & Englander, JJ.[2]),

Clerk

Entered: April 15, 2025.

---

[1] The appellee wife's request for appellate attorney's fees is denied.

[2] The panelists are listed in order of seniority.